AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

RICARDO GREEN

**CRIMINAL COMPLAINT**

CASE NUMBER: 04-1666-CBS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  October 27, 2003  in  Suffolk  county, in the  District of  Massachusetts  defendant(s) did, (Track Statutory Language of Offense) possess in or affecting commerce a firearm after having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

in violation of Title  18  United States Code, Section(s)  922(g)(1) .

I further state that I am a(n)  Special Agent, ATF  and that this complaint is based on the following facts:
*Official Title*

See attached affidavit of ATF Special Agent Lisa Rudnicki

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

*Lisa A Rudnicki*
Signature of Complainant

Sworn to before me and subscribed in my presence,

02-23-2004  at  Boston, Massachusetts
Date

CHARLES B. SWARTWOOD III
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

04-1666-CBS

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and have been so employed since 1996. In that capacity, I investigate numerous violations of the federal firearms statutes and have participated in numerous investigations relating to the unlawful possession of firearms.

2. I am aware based on my training and experience that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named Ricardo Green ("GREEN") with being a felon in possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation and on information provided to me by officers of the Boston Police Department. This affidavit is submitted for the limited purpose of establishing probable cause to believe GREEN violated 18 U.S.C. §922(g)(1), and therefore does not set forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4. On October 27, 2003, Boston Police Department (BPD)

Detective Roy Frederick and several other BPD detectives and officers were conducting a surveillance operation of Creston Street in the Roxbury section of Boston, looking for suspects wanted for outstanding warrants for armed robbery by means of a firearm. At approximately 6:00 p.m., Detective Frederick observed a two door Acura vehicle turn from Creston Street onto Blue Hill Avenue. Detective Frederick recognized the driver as GREEN, who was wanted on a warrant out of the Dorchester District Court for armed robbery.

5. Detective Frederick informed other officers in the area of his observation via his radio. Sgt. Detective Daniel Linskey and Officer Paul Quinn heard the transmission and followed the vehicle in their unmarked cruiser. GREEN, apparently unaware he was being followed, traveled from Blue Hill Avenue to Holborn Street. From there the car turned onto Warren Street, then right onto Wabourn Street, left onto Waybino Street, right onto Waumbeck Street, and then left onto Crawford Street, where it came to a stop across from the building at 100 Crawford Street.

6. A male emerged from the front driver's seat and closed the door. Sgt. Det. Linskey and Officer Quinn confirmed that the man was in fact GREEN and then began to exit their vehicle. As they did so, GREEN made eye contact with Sgt. Det. Linskey, and then re-opened the driver's side door. GREEN then took a step back towards the rear seat area of the car. As he did so, Sgt.

2

Detective Linskey observed GREEN reaching to his waist area. GREEN then turned and pressed his body into and against the car, and extended his right arm back in towards the rear of the vehicle while lowering his right shoulder. To Sgt. Detective Linskey, it appeared from GREEN's actions that he had removed something from his waist area and was seeking to place it in the rear area of the car.

7. GREEN then took a step away from the car as Sgt. Det. Linskey and Officer Quinn approached. Inside the car were three occupants; a woman named Nakia Mason was seated in the front passenger seat with a small infant, and a woman named India Rose was seated in the left rear passenger seat behind the driver. Sgt. Det. Linskey placed GREEN in handcuffs while Officer Quinn ordered the occupants of the vehicle to remain where they were.

8. After additional officers arrived to assist, the occupants were ordered out of the vehicle. Officer Quinn then went to the rear driver side where the officers had seen GREEN appear to place something into the car through the window, and observed a black handgun on the floor of the car protruding from underneath the front driver's side seat.

9. Ms. Mason and Ms. Rose both denied knowing of or owning the firearm. India Rose, who was seated in the rear driver's side seat, stated that the two women had entered GREEN's car several minutes earlier after they had seen him driving by and

3

asked him for a ride to their homes. Ms. Rose stated that when GREEN turned in towards the car, as the officers had observed, he tapped her shoulder and expressed concern that the officers were there, saying words to the effect, "Oh shit, blue and white." According to Ms. Rose, she then heard a noise and felt something hit her foot. Ms. Rose subsequently opined that the item that hit her foot was a baby bag containing a baby bottle and diapers and other items; Ms. Rose stated that the baby bag belonged to Nakia Mason but had been beside her (Ms. Rose) in the rear seat, on her right. Ms. Rose stated that when she removed the baby bag from the floor of the car, however, she saw the gun protruding from under the driver's seat, positioned between the top of her feet. Both Ms. Rose and Ms. Mason stated that the gun did not come from the baby bag. Ms. Rose further stated that she did not recall stepping on anything when she entered the car, but would have been aware of it had she done so.

10.   The firearm is a Bryco, .380 caliber semiautomatic pistol. It had a partially obliterated serial number at the time of its recovery and was loaded with six rounds of .380 caliber ammunition. I am aware based on my investigation that Bryco does not manufacture firearms in Massachusetts, meaning that the firearm necessarily traveled across a state line or international boundary before being recovered from the vehicle GREEN was driving on October 23, 2003. I am further aware based on my

4

investigation that BPD Officer Martin Lydon successfully test fired the firearm on October 28, 2003.

11. I have reviewed GREEN's criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that GREEN was convicted in 1998 in the Suffolk Superior Court on charges of possession of Class B substances with the intent to distribute, for which he served a year in jail.

12. Based on the foregoing, I have probable cause to believe that, on or about October 27, 2003, Ricardo Green, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did posses, in and affecting commerce, a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this 23rd day of February, 2004

CHARLES B. SWARTWOOD
U.S. Magistrate Judge

5

JS 45 (5/97) - (Revised USAO MA 3/25/02)

**Criminal Case Cover Sheet** — U.S. District Court - District of Massachusetts

**Place of Offense:**  Category No. II   Investigating Agency  ATF

City  Boston    Related Case Information:

County  Suffolk   Superseding Ind./Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name  Ricardo Green    Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date: 1979    SS#: 6239    Sex: M    Race: Hispanic    Nationality: American

Defense Counsel if known: _____    Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA  Donald L. Cabell    Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No    List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☒ Warrant Requested    ☐ Regular Process    ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint    ☐ Information    ☐ Indictment

Total # of Counts:  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  February 23, 2004    Signature of AUSA:  /s/ Donald L. Cabell

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Ricardo Green

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §922(g)(1) | Felon in Possession of a Firearm | 1 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**    ATF

ricky green js45.wpd - 3/13/02